**STANDARD HAVENS, INC., Plaintiff,**

v.

**Harry F. MANBECK, Jr., Commissioner of Patents and Trademarks, Defendant.**

**No. 91–0353–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

May 2, 1991.

Michael J. Jerde, Byron J. Beck, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Donald H. Zarley, Edmund J. Sease, Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, for plaintiff.

Alleen S. Castellani, U.S. Attorney's Office, Kansas City, Mo., for defendant.

ORDER TRANSFERRING CASE

ELMO B. HUNTER, Senior District Judge.

Before the Court is Standard Havens' motion for a temporary restraining order to enjoin the Commissioner from continuing a

reexamination proceeding in which the Patent and Trademark Office (PTO) is reexamining the patentability of a process for which the PTO earlier issued a patent, known as the Hawkins patent, owned by Standard Havens. Alternatively, Standard Havens requests that the Court direct the Commissioner to limit the scope of the reexamination proceeding. As a third alternative, Standard Havens requests that the Court direct the Commissioner to rule on its August 24, 1990 petition which plaintiff filed with the Commissioner asking him to reconsider his denial of Standard Havens' May 24, 1990 petition, in which Standard Havens sought to have the reexamination proceeding terminated or at least limited in scope.

The Commissioner contends that the Court lacks subject matter jurisdiction over this suit because there is no statute conferring jurisdiction on the district courts to entertain such a suit and because there is no statutory waiver of sovereign immunity, without which the Court lacks jurisdiction. The Commissioner also argues that venue is not proper in this Court under 28 U.S.C. § 1391(e). Finally, the Commissioner opposes the relief sought on the merits.

## JURISDICTION

■ The Commissioner's argument that the Court lacks jurisdiction is simply spurious. Three separate statutory provisions together operate to confer jurisdiction on this Court over this lawsuit. First, the question in this suit "arises under" a law or laws of the United States. Second, Congress has waived, in 5 U.S.C. § 702, the bar of sovereign immunity which would otherwise deprive this Court of jurisdiction under 28 U.S.C. § 1331. Section 702 provides in pertinent part:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States....

Third, by enactment of 28 U.S.C. § 1361, Congress specifically and irrefutably vested jurisdiction in all district courts to entertain suits in the nature of mandamus. Section 1361 provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

With this statute, Congress created jurisdiction in all the district courts to entertain mandamus actions over which only the district courts in the District of Columbia previously had jurisdiction. *Natural Resources Defense Council, Inc. v. Tennessee Valley Authority*, 459 F.2d 255, 258 (2d Cir.1972). Clearly, the Court has jurisdiction over this action which is indisputably "in the nature of mandamus."

## VENUE

■ The parties agree that the applicable venue statute for cases in which the plaintiff is seeking relief against a federal official in the nature of mandamus is 28 U.S.C. § 1391(e). *Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). Section 1391(e) provides in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority ... may, except as otherwise provided by law, be brought in any judicial district in which ... (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Standard Havens contends that "a substantial part of property that is the subject of the action"—the Hawkins patent—is "situated" in the Western District of Missouri and also that Standard Havens resides in the Western District of Missouri.

Standard Havens' argument that it resides in the Western District of Missouri is sympathetic, but has been rejected by all

circuit courts which have addressed the question. "The Supreme Court, in 'an unbroken line of decisions,' declared that a corporation's residence for venue purposes was in the state of incorporation." *Reuben H. Donnelley Corp. v. FTC,* 580 F.2d 264 (7th Cir.1978). Congress expanded the number of judicial districts in which corporate plaintiffs could sue the government "by providing for three new bases of venue; there is no legislative history to suppose that Congress also sought to redefine established concepts of residence." *Id.* This Court is aware of no court of appeals which has held a contrary view.

In *Upjohn Company v. Finch,* 303 F.Supp. 241, 254 (W.D.Mich.1969), the court held that a corporate plaintiff, with its principal place of business in Michigan but place of incorporation in Delaware, could sue a government officer in the Western District of Michigan. The court first noted that Congress had enacted section 1391(e) "to expand the number of judicial districts in which suit against the Government or officers thereof could be heard and relieve the burden previously imposed upon the courts of the District of Columbia." *Id.* The court also noted that "many corporations, large and small, are incorporated in the State of Delaware and have no other relationship to such state." *Id.* Based upon these two observations, the court concluded that Congress did not intend "[t]o move the tremendous volume of suits against the Government and its officers from the District of Columbia to the District of Delaware." *Id.* The court's reasoning is compelling, but such an interpretation of the section 1391(e) has been rejected by all of the appellate courts which have addressed the issue. The Court will therefore follow the circuit courts which have unanimously reasoned that "there is no legislative history to suppose that Congress also sought to redefine [in section 1391(e) ] established concepts of residence." *Natural Resources Defense Council,* 459 F.2d at 258.

■ Standard Havens' argument, based on section 1391(e)(2), that "a substantial part of property that is the subject of the action is situated" in the Western District of Missouri is also flawed because the Hawkins patent—the property alleged to be "situated" in this district, is not "the subject of the action." Rather, the Commissioner's failure to perform his legal duties is the subject of this action. Venue in this case is not in this district.

■ At the TRO hearing held on April 29, the plaintiff suggested that the Court not dismiss if it concluded that venue is not in this district, but to transfer it to the District of Delaware instead. The Commissioner contends that should the Court decide to transfer the case, it should transfer it to the District of Columbia because that is the court which would conduct any judicial review of the PTO's reexamination proceedings. The Court agrees with the Commissioner. Accordingly, it is hereby

ORDERED that this case is transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Columbia. It is further

ORDERED that the Clerk of the Court shall transfer the case forthwith and waive the 21–day transfer delay provided for by Local Administrative Directive No. 11. It is further

ORDERED that the original case file and a certified copy of this Order be sent to the District of Columbia forthwith via Federal Express mail.

IT IS SO ORDERED.